# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01171-LJO-SAB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND REQUIRING PLAINTIFF TO FILE A MOTION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE<br><br>(ECF Nos. 1, 2)<br><br>THIRTY DAY DEADLINE |

Plaintiff Frederick Johnson, proceeding pro se, filed a complaint and motion to proceed in forma pauperis on July 26, 2013. (ECF Nos. 1, 2.) For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims.

**I.**

**SCREENING**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

1

of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff brings this action against the California Department of Corrections and Rehabilitation and Valley State Prison. In his complaint, Plaintiff alleges that his civil rights were violated and he was wrongfully terminated on August 14, 2011. (Compl. 2, ECF No. 1.) During the appeals process, the witnesses and internal affairs investigators stated that Plaintiff was dishonest, but did not submit "any evidence nor testimony to the court." (Id.) Plaintiff claims that he was terminated for filing a Worker's Compensation claim and for being the subject of false allegations made against him. Plaintiff filed a "Whistleblower Complaint" against Valley State Prison administrative staff and did not receive any response until after he was terminated.

Plaintiff alleges that he was covered by the American with Disabilities Act ("ADA"); he was discriminated against based upon his religion and gender, he was denied a good faith interactive process and a work environment free from discrimination and retaliation. Plaintiff is seeking three million dollars in damages. (Id.)

//

//

## III.

## DISCUSSION

### A. Civil Rights Claims

Pursuant to 42 U.S.C. § 1983, every person who, while acting under color of law, deprives another person of his rights under the Constitution or law is liable for any resulting injury. To state a claim under section 1983, "a plaintiff must plead that the official, 'acting under the color of state law, caused the deprivation of a federal right.' " OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting Suever v. Connell 579 F.3d 1047, 1060 (2009)).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

To survive federal jurisdictional and pleading requirements, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Plaintiff's complaint is brief and conclusary and does not contain any factual allegations to support a plausible claim that any individual government actor violated Plaintiff's federal rights. Accordingly, Plaintiff has failed to state a cognizable claim.

Plaintiff has not alleged any specific Constitutional violations, so the Court shall set forth the standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

//

//

1. <u>Retaliation</u>

    a. **Title VII**

Plaintiff alleges that he was terminated after filing a "whistleblower" complaint. The Civil Rights Act of 1964 prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by this title." 42 U.S.C. § 2000e-3(a). Section 2000e-3 protects an employee from being discriminated against because the employee opposed what he reasonably believes to be an unlawful practice. <u>Nelson v. Pima Community College</u>, 83 F.3d 1075, 1082 (9th Cir. 1996). In this instance, Plaintiff has not alleged any facts regarding his alleged whistleblowing activities. Plaintiff does not describe the complaints or allege facts to identify any unlawful employment practice that was the subject of his complaints.

    b. **First Amendment**

A state may not condition employment on a basis that infringes on an employee's constitutionally protected interest in freedom of speech. <u>Connick v. Myers</u>, 461 U.S. 138, 143 (1983). "To state a First Amendment claim against a public employer, an employee must show: (1) the employee engaged in constitutionally protected speech; (2) the employer took 'adverse employment action' against the employee; and (3) the employee's speech was a 'substantial or motivating factor for the adverse action.'" <u>Lakeside-Scott v. Multnomah County</u>, 556 F.3d 797, 803 (9th Cir. 2009) (citations omitted).

An employee's speech is protected if it relates to a matter of legitimate public concern to the community, <u>Connick</u>, 461 U.S. at 146, and "the employee's interest in expressing himself must outweigh the State's interest in promoting workplace efficiency and avoiding workplace disruption[,]" <u>Brewster v. Board of Educ.</u>, 149 F.3d 971, 982 (9th Cir. 1998). Speech that deals with individual disputes and grievances and is not relevant to the public's evaluation of the government agency's performance is generally not of public concern. <u>Coszalter v. City of Salem</u>, 320 F.3d 968, 973 (9th Cir. 2003). The determination of whether an employee's speech deals with a matter of public concern is made with reference to the content, form and context of the speech. <u>Id.</u> at 973-74 (punctuation and citations omitted). A government employer who

4

discharges an employee for legitimate whistleblowing would so in violation of the First Amendment. Hufford v. McEnaney, 249 F.3d 1142, 1150 (9th Cir. 2001).

### 2. Due Process

Plaintiff contends that he was denied a good faith interactive process. There are two distinct elements of a procedural due process claim: 1) that the plaintiff has been deprived of a constitutionally protected liberty or property interest, and 2) the deprivation was without adequate procedural protections. Brewster, 149 F.3d at 982; Walls v. Central Contra Costa Transit Authority, 653 F.3d 963, 967-68 (9th Cir. 2011). "When a public employee is terminated for cause, he is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. An employee is only entitled to a very limited hearing prior to his termination, which need not be elaborate." Hufford, 249 F.3d at 1151 (internal punctuation and citations omitted); Walls, 653 F.3d at 968.

### 3. Disparate Treatment

Plaintiff alleges that he was discriminated against because of his religion and gender. The Civil Rights Act of 1964 prohibits discrimination based upon an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). A disparate treatment claim requires the plaintiff to prove that the employer acted with a conscious intent to discriminate. Costa v. Desert Palace, Inc., 299 F.3d 838, 854 (9th Cir. 2002). To state a valid Title VII claim for discrimination, Plaintiff must set forth a prima facie case to establish that the challenged employment action was either intentionally discriminatory or that it had a discriminatory effect on the basis of gender or religion. Jespersen v. Harrah's Operating Co., Inc., 444 F.3d 1104, 1108-09 (9th Cir. 2006) (gender); Petersen v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir. 2004) (religion).

A prima facie case requires a showing that "(1) [the employee] is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." Petersen, 358 F.3d at 603. To prevail on a disparate treatment claim, a plaintiff

must "establish that his job performance was satisfactory and provide evidence, either direct or circumstantial, to support a reasonable inference that his termination was discriminatory." Id.

### B. Americans with Disabilities Act

Finally, Plaintiff states that he considers himself an Americans with Disabilities Act ("ADA") employee. The ADA provides that no covered entity shall discriminate against a qualified individual on the basis of disability. 42 U.S.C. § 12112(a). "[T]o establish a prima facie case of discrimination under the ADA [a plaintiff] must show that [he]: (1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of [his] disability." Snead v. Metropolitan Property & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir. 2001).

Plaintiff's complaint does not include any facts to allege that he has a disability under the ADA. Additionally, Plaintiff does not include any factual allegations that he was discriminated against based upon a disability. Plaintiff's statement that he was mentally, psychologically, physically disabled/injured prior to termination is not sufficient to state a plausible claim that his termination was in violation of the ADA.

### C. Application to Proceed In Forma Pauperis

Plaintiff did not pay the filing fee in this action and instead filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, Plaintiff's application was not adequately completed. Plaintiff states that he is receiving a pension and income from other sources, but does not disclose how much he is receiving. Accordingly, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full.

## VI.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend

should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Plaintiff is advised that Local Rule 220 requires an amended complaint to "be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

3. The Clerk of the Court is directed to forward an in forma pauperis application (Long Form) to Plaintiff;

4. Within **thirty (30) days** of the date of this order, Plaintiff shall either (1) pay the $400.00 filing fee for this action, or (2) file an application to proceed in forma pauperis without prepayment of the fee; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 23, 2013**

UNITED STATES MAGISTRATE JUDGE