# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JOHNSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>                    Defendants. | Case No.  1:13-cv-01171-LJO-SAB<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>THIRTY-DAY DEADLINE |

**I.**

**PROCEDURAL HISTORY**

Plaintiff Frederick Johnson, proceeding pro se and in forma pauperis, filed this employment discrimination action on July 26, 2013.  (ECF No. 1.)  The complaint was screened and dismissed with leave to amend for failure to state a claim on August 23, 2013.  (ECF No. 4.) On September 27, 2013, findings and recommendations issued recommending dismissing the action due to Plaintiff's failure to file an amended complaint within the time granted.  (ECF No. 5.)  Plaintiff filed objections on October 15, 2013, and the district court issued an order declining to adopt the findings and recommendations and granted Plaintiff an additional thirty days in which to file an amended complaint.  (ECF Nos. 6, 7.)  On November 19, 2013, Plaintiff filed a first amended complaint.  (ECF No. 8.)

1

1

**II.**

2

**SCREENING REQUIREMENT**

3       Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court

4 determines that the complaint fails to state a claim upon which relief may be granted.   In

5 determining whether a complaint fails to state a claim, the Court uses the same pleading standard

6 used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain

7 statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).

8 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

9 of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

10 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

11       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

12 relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

13 "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . .

14 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556

15 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all

16 factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions

17 as true. Iqbal, 556 U.S. at 678.

18

**III.**

19

**COMPLAINT ALLEGATIONS**

20       Plaintiff brings this action against Defendants California Department of Corrections and

21 Rehabilitation ("CDCR"); Valley State Prison ("VSP"); Warden Tina Hornbeak; Associate

22 Warden Charles Callahan; Lieutenants B. McGraw and N. Schertz; Correctional Food Manager

23 Muhammad Mohktar; and Correctional Officers S. Nitske and T. Price alleging retaliation in

24 violation of the First Amendment, 42 U.S.C. § 2000e-3(a), and California Government Code §§

25 8547 et al.; disparate treatment in violation of 42 U.S.C. 2000e-2(a); and violations his right to

26 due process under the Fourteenth Amendment.

27       Plaintiff worked as a supervising cook at VSP for 18 years.  (First Am. Compl. 2, ECF

28 No. 8.)  In 2007, Plaintiff began documenting and keeping records of unnecessary labor costs,

2

1    food waste, spoilage and contamination of food.   Plaintiff reported the violations to his

2    supervisor, Defendant Mohktar, and suggested ways to minimize labor costs.  Plaintiff's reports

3    and suggestions were ignored.   Plaintiff was afraid of retaliation, so he sent two anonymous

4    memorandums to state investigators on October 30, 2008.  Nothing was done in response to these

5    anonymous reports.  (Id. at ¶ 11.)

6         In August of 2008, Plaintiff had received a letter from an inmate who suffers from mental

7    illness.  The letter stated that Plaintiff had raped and assaulted the inmate.  The letter implicated

8    other staff members of wrong doing and accused a white staff member of assaulting her in front

9    of two other officers.   Plaintiff turned the letter over to Defendant McGraw.   Plaintiff also

10   provided copies of the letter to Defendant Mohktar, Lt. Bergerson, Sgt. Heffington and other staff

11   members.   The inmate who accused Plaintiff of this conduct was in the mental health unit on

12   suicide watch at this time.  Plaintiff was informed that the inmate would be transferred to Central

13   California Women's Facility the following day.  (Id. at ¶ 12.)

14        In December 2008, Plaintiff received a letter stating that he was under investigation due to

15   the allegations in the letter.  (Id. at ¶ 13.)  Plaintiff was the only African American individual

16   mentioned in the letter and was the only individual interviewed or placed under investigation.

17   (Id. at ¶ 12.)  Plaintiff informed Special Agent Stryd the he wanted to meet with him and tell him

18   about the inmate who wrote the letter.  Agent Stryd informed Plaintiff that it was not protocol for

19   them to meet at that time and that Plaintiff would be contacted when the time was appropriate.

20   (Id. at ¶ 13.)

21        Plaintiff was interviewed four times to promote to the position of Assistant Correctional

22   Food Manager during 2008 and 2009.   No one ever informed Plaintiff that he was unable to

23   receive a promotion while he was the subject of an on-going investigation.  (Id. at ¶ 14.)

24        On March 17, 2010, Plaintiff reported an incident in which he claimed to be the subject of

25   harassment by Defendant Mohktar and requested a lateral transfer claiming he was subject to a

26   hostile work environment due to his reporting the waste of food products.  Plaintiff was informed

27   that he was unable to be transferred while he was the subject of an investigation for misconduct.

28   Plaintiff was also informed that he was the subject of several other on-going investigations of

1    which he was unaware.  (Id.)

2          Plaintiff contacted his Union and was informed by his union representative that the Office

3    of Internal Affairs would be coming to interview him regarding the allegations within the next

4    several weeks.  (Id. at 16.)  On April 8, 2010, Plaintiff was escorted from work by Defendant

5    Schertz and was told that he was under investigation for being overly-familiar with an inmate.

6    Plaintiff was also informed that he had been observed receiving an unknown substance from an

7    inmate who had pulled something out of her bra and stuck it in his mouth.  Defendants Nitske and

8    Price both stated that they witnessed this incident.  Plaintiff was re-directed to duty in the

9    mailroom pending the investigation of these incidents.  (Id. at ¶ 18.)

10         Plaintiff reported for duty in the mailroom on April 15, 2010, and the following day he

11   was accused of sexual harassment.  (Id.)  Plaintiff was informed on May 4, 2010, that a hearing

12   would occur on May 6, 2010.  Plaintiff hired an attorney for the hearing and after waiting two

13   hours for the hearing it was cancelled.  (Id. at ¶ 19.)  Plaintiff received notices that he had been

14   cleared of the allegations of sexual harassment stemming from his one day assignment to the

15   mailroom; adverse action was recommended for allegations that he was discourteous to an

16   inmate; and allegations for over-familiarity with an inmate were not sustained.  (Id. at ¶¶ 20-22.)

17   Plaintiff subsequently received notice that the adverse action was to be withdrawn and he would

18   be issued a letter of instruction.  (Id. at ¶ 23.)

19         A Skelly hearing was held for which Plaintiff had assistance of counsel.  During the

20   hearing, it was revealed that Plaintiff's supervisors, ACFM Hernandez and Defendant Mohktar

21   had violated procedure by altering an inmate appeal that would have proved Plaintiff's innocence.

22   (Id.)  Plaintiff refused to sign the letter of instruction and submitted a two page rebuttal.  (Id. at ¶

23   24.)

24         Plaintiff received a memorandum on the rape and assault allegations on October 18, 2010.

25   (Id. at ¶ 25.)  A hearing was held on October 19, 2010, which lasted approximately 20 minutes.

26   On October 27, 2010, Plaintiff received a memorandum that the allegations were not sustained.

27   Plaintiff contends that the investigations against him were in retaliation for his making

28   whistleblower complaints and for being an African American.  (Id. at ¶ 26.)

1    Plaintiff received notice of two more investigatory interviews on November 30, 2010.  A

2  hearing was held on December 7, 2010 which lasted approximately four hours.   Plaintiff

3  submitted evidence and received a memorandum clearing him of some, but not all of the

4  allegations.  (Id. at ¶ 27.)  Plaintiff filed a stress claim and a Worker's Compensation interview

5  occurred in February 2011.  (Id. at ¶ 28.)

6    In July 2011, Plaintiff received a memorandum sustaining some of the allegations from

7  the November 30, 2013 interviews.  Plaintiff contends that there was no evidence for the prison

8  and copies of recorded hearings and documents exonerating him were not placed into evidence.

9  (Id. at ¶ 29.)  Plaintiff was terminated on August 11, 2011.  The termination stated that allegations

10  that he had hugged a correctional officer, had given extra food to inmates, and had been

11  discourteous to staff had been sustain and he was terminated for lying about those infractions.

12  (Id. at ¶ 30.)  Plaintiff appealed the decision to terminate him and a hearing was held the week of

13  May 7, 2012.   The Administrative Law Judge sustained the decision to terminate Plaintiff.

14  Plaintiff contends that the Administrative Law Judge was misinformed by CDCR representatives

15  and his attorney did not submit all evidence pertaining to him.  (Id. at ¶ 31.)  Plaintiff is seeking

16  injunctive relief and monetary damages.

17    For the reasons set forth below, Plaintiff's complaint fails to state a cognizable claim.

18  Plaintiff shall be granted one final opportunity to amend his complaint to cure the deficiencies

19  discussed below.

20                                                            **IV.**

21                                                     **DISCUSSION**

22    **A.    Civil Rights Claims**

23    Plaintiff alleges that he was retaliated against in violation of the First Amendment and

24  denied due process in violation of the Fourteenth Amendment.

25    1.    <u>Linkage Requirement</u>

26    Plaintiff brings this action against the CDCR and VSP seeking damages and

27  reinstatement.  "The Eleventh Amendment bars suits for money damages in federal court against

28  a state, its agencies, and state officials acting in their official capacities."  <u>Aholelei v. Dept. of</u>

1   Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, the Eleventh Amendment does not

2   bar suits seeking damages from public officials acting in their personal capacities.  Hafer v. Melo,

3   502 U.S. 21, 30 (1991).  "Personal-capacity suits . . . seek to impose individual liability upon a

4   government officer for actions taken under color of state law."  Id. at 25.

5          As Plaintiff was advised in the August 23, 2013 order dismissing the complaint for failure

6   to state a claim, government officials may not be held liable for the actions of their subordinates

7   under a theory of respondeat superior.  Iqbal, 556 U.S. at 676.  Since a government official cannot

8   be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead

9   that the official has violated the Constitution through his own individual actions.  Id.  In other

10  words, to state a claim for relief under section 1983, Plaintiff must link each named defendant

11  with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

12         In his amended complaint, Plaintiff must structure his complaint so that it is clear which

13  of his claims he is alleging against the individual defendants.  For example, Plaintiff alleges that

14  Defendants Nitske and Price falsely reported that they saw an inmate take an unknown substance

15  from her bra and place it in Plaintiff's mouth and fails to identify which claim he is attempting to

16  bring against these defendants.  Even accepting these allegations as true, they do not state a

17  violation of Plaintiff's federal rights.

18         2.      First Amendment Retaliation

19         A state may not condition employment on a basis that infringes on an employee's

20  constitutionally protected interest in freedom of speech.  Connick v. Myers, 461 U.S. 138, 143

21  (1983).  "To state a First Amendment claim against a public employer, an employee must show:

22  (1) the employee engaged in constitutionally protected speech; (2) the employer took 'adverse

23  employment action' against the employee; and (3) the employee's speech was a 'substantial or

24  motivating factor for the adverse action.'"  Lakeside-Scott v. Multnomah County, 556 F.3d 797,

25  803 (9th Cir. 2009) (citations omitted).

26         It is unclear from Plaintiff's complaint what protected activity he alleges motivated the

27  adverse employment action taken against him.  To the extent that Plaintiff submitted two

28  anonymous memorandums to the Bureau of State Audits, he fails to show that any individual

6

1    named in the complaint was aware that he submitted any such information.  Plaintiff also alleges

2    that he complained to his supervisor regarding unnecessary labor costs, food waste, spoilage and

3    contamination of food.

4         Plaintiff states that Defendant Hornbeak initiated an Internal Affairs Investigation

5    regarding "known false allegations" by an inmate.  However, Plaintiff presents no facts to show

6    that Defendant Hornbeak was aware that the allegations that Plaintiff had raped an inmate were

7    false, and given the seriousness of the allegations, it would be expected that an investigation

8    would occur.  Plaintiff also fails to provide any facts to support his conclusory allegation that

9    Defendant Callahan supported false and altered reports to mislead the hiring authority.

10        Based on the allegations in the complaint, the investigation of Plaintiff was initiated due to

11   an inmate accusing Plaintiff of raping and assaulting her.  During the course of the investigation,

12   other allegations of misconduct by Plaintiff were discovered and he was eventually terminated

13   because he was found to have lied during the investigation into the multiple allegations that

14   Plaintiff had engaged in misconduct.

15        Plaintiff cannot state a claim for a violation of his federal rights by alleging that Defendant

16   Mohktar wasted State funds and food supplies.  Even if Defendant Mohktar was engaging in such

17   misconduct it would not violate Plaintiff's federal rights.  To the extent that Plaintiff is attempting

18   to state a claim based upon his reporting the misconduct of Defendant Mohktar, Plaintiff must

19   allege sufficient facts for it to be plausible that the adverse action taken against him was due to

20   his reports of misconduct, rather than the inmate's allegation that Plaintiff had raped her.

21        Plaintiff's conclusory allegation that adverse employment action was taken against him

22   due to his protected speech fails to state a plausible claim that his speech was a substantial or

23   motivating factor for any adverse employment action taken against him by any named defendant.

24        3.    Fourteenth Amendment Due Process

25        Plaintiff alleges that he was terminated from his employment without due process of law.

26   There are two distinct elements of a procedural due process claim: 1) that the plaintiff has been

27   deprived of a constitutionally protected liberty or property interest, and 2) the deprivation was

28   without adequate procedural protections.  Brewster v. Board of Educ., 149 F.3d 971, 982 (9th Cir.

1    1998); <u>Walls v. Central Contra Costa Transit Authority</u>, 653 F.3d 963, 967-68 (9th Cir. 2011).

2    "[G]overnment employees can have a protected property interest in their continued employment

3    if they have a legitimate claim to tenure or if the terms of the employment make it clear that the

4    employee can be fired only for cause."    <u>Blantz v. California Dept. of Corrections and</u>

5    <u>Rehabilitation</u>, 727 F.3d 917, 922 (9th Cir. 2013).   Permanent state employees in California

6    "possess a property interest in their job, guaranteed by statute, with attendant due process rights in

7    their continued employment." <u>Freitag v. Ayers</u>, 468 F.3d 528, 548 (9th Cir. 2006).

8         Once it has been established that an employee has a property right in his continued

9    employment, it must be decided what process he is due prior to being deprived of the interest.

10   "When a public employee is terminated for cause, he is entitled to oral or written notice of the

11   charges against him, an explanation of the employer's evidence, and an opportunity to present his

12   side of the story.   An employee is only entitled to a very limited hearing prior to his termination,

13   which need not be elaborate."    <u>Hufford v. McEnaney</u>, 249 F.3d 1142, 1151 (9th Cir. 2001)

14   (internal punctuation and citations omitted); <u>Walls</u>, 653 F.3d at 968.

15        Plaintiff complains that Defendant Mohktar altered evidence and Defendants McGraw and

16   Schertz failed to conduct a proper investigation and altered evidence.   However, there are no facts

17   to support Plaintiff's conclusory allegation that evidence was altered during the investigation by

18   any Defendant.

19        To the extent that Plaintiff is attempting to state a claim based upon the amount of time it

20   took for the investigation to be completed, he fails to state a claim.   It is clear from the complaint

21   that the allegation that Plaintiff raped an inmate was investigated and during the investigation

22   allegations that Plaintiff had engaged in other misconduct arose.   Based upon these investigations

23   multiple hearings were held.   Plaintiff's complaint demonstrates that he received notice prior to

24   the hearings, the hearings were held, and Plaintiff was given the opportunity to address the

25   allegations against him prior to being terminated.   Plaintiff has failed to state a cognizable claim

26   that he was denied due process prior to his termination.

27        **B.**     **Title VII Claims**

28        1.     <u>Disparate Treatment Under 42 U.S.C. § 2000e-2(a)</u>

8

1    Plaintiff contends that he was subjected to disparate treatment because he was investigated

2    after an inmate alleged that he had raped her.  In support of his disparate treatment claim, Plaintiff

3    claims that a white officer who was alleged to have assaulted the inmate was not investigated.

4    The Civil Rights Act of 1964 prohibits discrimination based upon an individual's race, color,

5    religion, sex, or national origin. 42 U.S.C. § 2000e-2(a).  A disparate treatment claim requires the

6    plaintiff to prove that the employer acted with a discriminary intent or motive in taking the

7    adverse employment action.  Ricci v. DeStefano, 577 U.S. 557, 578 (2009); Wood v. City of San

8    Diego, 678 F.3d 1075, 1081 (9th Cir. 2012).

9    A prima facie case requires a showing that "(1) [the employee] is a member of a protected

10   class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and

11   (4) similarly situated individuals outside his protected class were treated more favorably, or other

12   circumstances surrounding the adverse employment action give rise to an inference of

13   discrimination."  Petersen v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir. 2004).  To prevail

14   on a disparate treatment claim, a plaintiff must "establish that his job performance was

15   satisfactory and provide evidence, either direct or circumstantial, to support a reasonable

16   inference that his termination was discriminatory."  Id.

17   In this instance, Plaintiff has failed to allege facts to give rise to an inference that he was

18   discriminated against because of his race.  While Plaintiff claims that he was the only African

19   American employee who was investigated due to the allegations contained in the inmate letter, he

20   was the only employee who was accused of raping the inmate.  The decision to investigate the

21   allegation of rape and not to investigate the allegation that another officer assaulted the inmate in

22   front of two other correctional officers does not lead to the inference that the investigation was

23   due to Plaintiff's race, rather than to the more serious nature of the allegations made against

24   Plaintiff.

25   Further, Plaintiff's complaint states that he was informed his termination was due to the

26   investigation uncovering several substantiated incidents of misconduct and that Plaintiff had lied

27   during the investigation.  There are no facts alleged that lead to the inference that any adverse

28   employment action was taken against Plaintiff due to his race.  Plaintiff fails to state a claim for

1  disparate treatment.

2        2.        Retaliation Under to 42 U.S.C. § 2000e-3(a)

3        The Civil Rights Act of 1964 prohibits an employer from retaliating against an employee

4  "because he has opposed any practice made an unlawful employment practice" by Title VII.  42

5  U.S.C. § 2000e-3(a).  Section 2000e-3 protects an employee from being discriminated against

6  because the employee opposed what he reasonably believes to be an unlawful practice.  Nelson v.

7  Pima Community College, 83 F.3d 1075, 1082 (9th Cir. 1996).  However, these provisions relate

8  to discrimination against an employee for engaging in protected activity to address

9  discrimination.  Lalau v. City and County of Honolulu, 938 F.Supp.2d 1000, 1017 (D. Hawaii

10  2013).

11        Here, Plaintiff alleges that he was retaliated against for reporting unnecessary labor costs,

12  food waste, spoilage and contamination of food in the prison.  The alleged violations which

13  Plaintiff reported are not practices made unlawful by Title VII and therefore, even were he

14  retaliated against for reporting the violations, the retaliation would not be in violation of 42

15  U.S.C. § 2000e-3.  Plaintiff has failed to plead that he reported any employment practice that was

16  unlawful under Title VII, therefore, Plaintiff fails to state a cognizable claim for a violation of 42

17  U.S.C. § 2000e-3.

18                                         **V.**

19                           **CONCLUSION AND ORDER**

20        For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

21  a violation of his federal rights.  Plaintiff is granted one final opportunity to file a second

22  amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

23  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

24  complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

25        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

26  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

27  rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus

28  on the duties and responsibilities of each individual defendant whose acts or omissions are

alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's first amended complaint, filed November 19, 2010, is dismissed for failure to state a claim upon which relief may be granted;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

3.     If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 27, 2013**

_____
UNITED STATES MAGISTRATE JUDGE

11