# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01171-LJO-SAB<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>THIRTY-DAY DEADLINE |

## I.

## PROCEDURAL HISTORY

Plaintiff Frederick Johnson, proceeding pro se and in forma pauperis, filed this employment discrimination action on July 26, 2013. (ECF No. 1.) The complaint was screened and dismissed with leave to amend for failure to state a claim on August 23, 2013. (ECF No. 4.) On September 27, 2013, findings and recommendations issued recommending dismissing the action due to Plaintiff's failure to file an amended complaint within the time granted. (ECF No. 5.) Plaintiff filed objections on October 15, 2013, and the district court issued an order declining to adopt the findings and recommendations and granted Plaintiff an additional thirty days in which to file an amended complaint. (ECF Nos. 6, 7.) On November 19, 2013, Plaintiff filed a first amended complaint. (ECF No. 8.)

## II.

## SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against Defendants California Department of Corrections and Rehabilitation ("CDCR"); Valley State Prison ("VSP"); Warden Tina Hornbeak; Associate Warden Charles Callahan; Lieutenants B. McGraw and N. Schertz; Correctional Food Manager Muhammad Mohktar; and Correctional Officers S. Nitske and T. Price alleging retaliation in violation of the First Amendment, 42 U.S.C. § 2000e-3(a), and California Government Code §§ 8547 et al.; disparate treatment in violation of 42 U.S.C. 2000e-2(a); and violations his right to due process under the Fourteenth Amendment.

Plaintiff worked as a supervising cook at VSP for 18 years. (First Am. Compl. 2, ECF No. 8.) In 2007, Plaintiff began documenting and keeping records of unnecessary labor costs,

food waste, spoilage and contamination of food.  Plaintiff reported the violations to his supervisor, Defendant Mohktar, and suggested ways to minimize labor costs.  Plaintiff's reports and suggestions were ignored.  Plaintiff was afraid of retaliation, so he sent two anonymous memorandums to state investigators on October 30, 2008.  Nothing was done in response to these anonymous reports.  (Id. at ¶ 11.)

In August of 2008, Plaintiff had received a letter from an inmate who suffers from mental illness.  The letter stated that Plaintiff had raped and assaulted the inmate.  The letter implicated other staff members of wrong doing and accused a white staff member of assaulting her in front of two other officers.  Plaintiff turned the letter over to Defendant McGraw.  Plaintiff also provided copies of the letter to Defendant Mohktar, Lt. Bergerson, Sgt. Heffington and other staff members.  The inmate who accused Plaintiff of this conduct was in the mental health unit on suicide watch at this time.  Plaintiff was informed that the inmate would be transferred to Central California Women's Facility the following day.  (Id. at ¶ 12.)

In December 2008, Plaintiff received a letter stating that he was under investigation due to the allegations in the letter.  (Id. at ¶ 13.)  Plaintiff was the only African American individual mentioned in the letter and was the only individual interviewed or placed under investigation. (Id. at ¶ 12.)  Plaintiff informed Special Agent Stryd the he wanted to meet with him and tell him about the inmate who wrote the letter.  Agent Stryd informed Plaintiff that it was not protocol for them to meet at that time and that Plaintiff would be contacted when the time was appropriate. (Id. at ¶ 13.)

Plaintiff was interviewed four times to promote to the position of Assistant Correctional Food Manager during 2008 and 2009.  No one ever informed Plaintiff that he was unable to receive a promotion while he was the subject of an on-going investigation.  (Id. at ¶ 14.)

On March 17, 2010, Plaintiff reported an incident in which he claimed to be the subject of harassment by Defendant Mohktar and requested a lateral transfer claiming he was subject to a hostile work environment due to his reporting the waste of food products.  Plaintiff was informed that he was unable to be transferred while he was the subject of an investigation for misconduct. Plaintiff was also informed that he was the subject of several other on-going investigations of

1 | which he was unaware. (Id.)

2 | Plaintiff contacted his Union and was informed by his union representative that the Office
3 | of Internal Affairs would be coming to interview him regarding the allegations within the next
4 | several weeks. (Id. at 16.) On April 8, 2010, Plaintiff was escorted from work by Defendant
5 | Schertz and was told that he was under investigation for being overly-familiar with an inmate.
6 | Plaintiff was also informed that he had been observed receiving an unknown substance from an
7 | inmate who had pulled something out of her bra and stuck it in his mouth. Defendants Nitske and
8 | Price both stated that they witnessed this incident. Plaintiff was re-directed to duty in the
9 | mailroom pending the investigation of these incidents. (Id. at ¶ 18.)

10 | Plaintiff reported for duty in the mailroom on April 15, 2010, and the following day he
11 | was accused of sexual harassment. (Id.) Plaintiff was informed on May 4, 2010, that a hearing
12 | would occur on May 6, 2010. Plaintiff hired an attorney for the hearing and after waiting two
13 | hours for the hearing it was cancelled. (Id. at ¶ 19.) Plaintiff received notices that he had been
14 | cleared of the allegations of sexual harassment stemming from his one day assignment to the
15 | mailroom; adverse action was recommended for allegations that he was discourteous to an
16 | inmate; and allegations for over-familiarity with an inmate were not sustained. (Id. at ¶¶ 20-22.)
17 | Plaintiff subsequently received notice that the adverse action was to be withdrawn and he would
18 | be issued a letter of instruction. (Id. at ¶ 23.)

19 | A Skelly hearing was held for which Plaintiff had assistance of counsel. During the
20 | hearing, it was revealed that Plaintiff's supervisors, ACFM Hernandez and Defendant Mohktar
21 | had violated procedure by altering an inmate appeal that would have proved Plaintiff's innocence.
22 | (Id.) Plaintiff refused to sign the letter of instruction and submitted a two page rebuttal. (Id. at ¶
23 | 24.)

24 | Plaintiff received a memorandum on the rape and assault allegations on October 18, 2010.
25 | (Id. at ¶ 25.) A hearing was held on October 19, 2010, which lasted approximately 20 minutes.
26 | On October 27, 2010, Plaintiff received a memorandum that the allegations were not sustained.
27 | Plaintiff contends that the investigations against him were in retaliation for his making
28 | whistleblower complaints and for being an African American. (Id. at ¶ 26.)

Plaintiff received notice of two more investigatory interviews on November 30, 2010. A hearing was held on December 7, 2010 which lasted approximately four hours. Plaintiff submitted evidence and received a memorandum clearing him of some, but not all of the allegations. (Id. at ¶ 27.) Plaintiff filed a stress claim and a Worker's Compensation interview occurred in February 2011. (Id. at ¶ 28.)

In July 2011, Plaintiff received a memorandum sustaining some of the allegations from the November 30, 2013 interviews. Plaintiff contends that there was no evidence for the prison and copies of recorded hearings and documents exonerating him were not placed into evidence. (Id. at ¶ 29.) Plaintiff was terminated on August 11, 2011. The termination stated that allegations that he had hugged a correctional officer, had given extra food to inmates, and had been discourteous to staff had been sustain and he was terminated for lying about those infractions. (Id. at ¶ 30.) Plaintiff appealed the decision to terminate him and a hearing was held the week of May 7, 2012. The Administrative Law Judge sustained the decision to terminate Plaintiff. Plaintiff contends that the Administrative Law Judge was misinformed by CDCR representatives and his attorney did not submit all evidence pertaining to him. (Id. at ¶ 31.) Plaintiff is seeking injunctive relief and monetary damages.

For the reasons set forth below, Plaintiff's complaint fails to state a cognizable claim. Plaintiff shall be granted one final opportunity to amend his complaint to cure the deficiencies discussed below.

## IV.

## DISCUSSION

### A. Civil Rights Claims

Plaintiff alleges that he was retaliated against in violation of the First Amendment and denied due process in violation of the Fourteenth Amendment.

#### 1. Linkage Requirement

Plaintiff brings this action against the CDCR and VSP seeking damages and reinstatement. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of

Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991).  "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law."  Id. at 25.

As Plaintiff was advised in the August 23, 2013 order dismissing the complaint for failure to state a claim, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676.  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

In his amended complaint, Plaintiff must structure his complaint so that it is clear which of his claims he is alleging against the individual defendants.  For example, Plaintiff alleges that Defendants Nitske and Price falsely reported that they saw an inmate take an unknown substance from her bra and place it in Plaintiff's mouth and fails to identify which claim he is attempting to bring against these defendants.  Even accepting these allegations as true, they do not state a violation of Plaintiff's federal rights.

### 2. First Amendment Retaliation

A state may not condition employment on a basis that infringes on an employee's constitutionally protected interest in freedom of speech.  Connick v. Myers, 461 U.S. 138, 143 (1983).  "To state a First Amendment claim against a public employer, an employee must show: (1) the employee engaged in constitutionally protected speech; (2) the employer took 'adverse employment action' against the employee; and (3) the employee's speech was a 'substantial or motivating factor for the adverse action.'"  Lakeside-Scott v. Multnomah County, 556 F.3d 797, 803 (9th Cir. 2009) (citations omitted).

It is unclear from Plaintiff's complaint what protected activity he alleges motivated the adverse employment action taken against him.  To the extent that Plaintiff submitted two anonymous memorandums to the Bureau of State Audits, he fails to show that any individual

1  named in the complaint was aware that he submitted any such information.  Plaintiff also alleges that he complained to his supervisor regarding unnecessary labor costs, food waste, spoilage and contamination of food.

Plaintiff states that Defendant Hornbeak initiated an Internal Affairs Investigation regarding "known false allegations" by an inmate.  However, Plaintiff presents no facts to show that Defendant Hornbeak was aware that the allegations that Plaintiff had raped an inmate were false, and given the seriousness of the allegations, it would be expected that an investigation would occur.  Plaintiff also fails to provide any facts to support his conclusory allegation that Defendant Callahan supported false and altered reports to mislead the hiring authority.

Based on the allegations in the complaint, the investigation of Plaintiff was initiated due to an inmate accusing Plaintiff of raping and assaulting her.  During the course of the investigation, other allegations of misconduct by Plaintiff were discovered and he was eventually terminated because he was found to have lied during the investigation into the multiple allegations that Plaintiff had engaged in misconduct.

Plaintiff cannot state a claim for a violation of his federal rights by alleging that Defendant Mohktar wasted State funds and food supplies.  Even if Defendant Mohktar was engaging in such misconduct it would not violate Plaintiff's federal rights.  To the extent that Plaintiff is attempting to state a claim based upon his reporting the misconduct of Defendant Mohktar, Plaintiff must allege sufficient facts for it to be plausible that the adverse action taken against him was due to his reports of misconduct, rather than the inmate's allegation that Plaintiff had raped her.

Plaintiff's conclusory allegation that adverse employment action was taken against him due to his protected speech fails to state a plausible claim that his speech was a substantial or motivating factor for any adverse employment action taken against him by any named defendant.

3. Fourteenth Amendment Due Process

Plaintiff alleges that he was terminated from his employment without due process of law. There are two distinct elements of a procedural due process claim: 1) that the plaintiff has been deprived of a constitutionally protected liberty or property interest, and 2) the deprivation was without adequate procedural protections.  Brewster v. Board of Educ., 149 F.3d 971, 982 (9th Cir.

7

1998); Walls v. Central Contra Costa Transit Authority, 653 F.3d 963, 967-68 (9th Cir. 2011). "[G]overnment employees can have a protected property interest in their continued employment if they have a legitimate claim to tenure or if the terms of the employment make it clear that the employee can be fired only for cause." Blantz v. California Dept. of Corrections and Rehabilitation, 727 F.3d 917, 922 (9th Cir. 2013). Permanent state employees in California "possess a property interest in their job, guaranteed by statute, with attendant due process rights in their continued employment." Freitag v. Ayers, 468 F.3d 528, 548 (9th Cir. 2006).

Once it has been established that an employee has a property right in his continued employment, it must be decided what process he is due prior to being deprived of the interest. "When a public employee is terminated for cause, he is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. An employee is only entitled to a very limited hearing prior to his termination, which need not be elaborate." Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir. 2001) (internal punctuation and citations omitted); Walls, 653 F.3d at 968.

Plaintiff complains that Defendant Mohktar altered evidence and Defendants McGraw and Schertz failed to conduct a proper investigation and altered evidence. However, there are no facts to support Plaintiff's conclusory allegation that evidence was altered during the investigation by any Defendant.

To the extent that Plaintiff is attempting to state a claim based upon the amount of time it took for the investigation to be completed, he fails to state a claim. It is clear from the complaint that the allegation that Plaintiff raped an inmate was investigated and during the investigation allegations that Plaintiff had engaged in other misconduct arose. Based upon these investigations multiple hearings were held. Plaintiff's complaint demonstrates that he received notice prior to the hearings, the hearings were held, and Plaintiff was given the opportunity to address the allegations against him prior to being terminated. Plaintiff has failed to state a cognizable claim that he was denied due process prior to his termination.

**B.    Title VII Claims**

1.    Disparate Treatment Under 42 U.S.C. § 2000e-2(a)

Plaintiff contends that he was subjected to disparate treatment because he was investigated after an inmate alleged that he had raped her. In support of his disparate treatment claim, Plaintiff claims that a white officer who was alleged to have assaulted the inmate was not investigated. The Civil Rights Act of 1964 prohibits discrimination based upon an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). A disparate treatment claim requires the plaintiff to prove that the employer acted with a discriminary intent or motive in taking the adverse employment action. Ricci v. DeStefano, 577 U.S. 557, 578 (2009); Wood v. City of San Diego, 678 F.3d 1075, 1081 (9th Cir. 2012).

A prima facie case requires a showing that "(1) [the employee] is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." Petersen v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir. 2004). To prevail on a disparate treatment claim, a plaintiff must "establish that his job performance was satisfactory and provide evidence, either direct or circumstantial, to support a reasonable inference that his termination was discriminatory." Id.

In this instance, Plaintiff has failed to allege facts to give rise to an inference that he was discriminated against because of his race. While Plaintiff claims that he was the only African American employee who was investigated due to the allegations contained in the inmate letter, he was the only employee who was accused of raping the inmate. The decision to investigate the allegation of rape and not to investigate the allegation that another officer assaulted the inmate in front of two other correctional officers does not lead to the inference that the investigation was due to Plaintiff's race, rather than to the more serious nature of the allegations made against Plaintiff.

Further, Plaintiff's complaint states that he was informed his termination was due to the investigation uncovering several substantiated incidents of misconduct and that Plaintiff had lied during the investigation. There are no facts alleged that lead to the inference that any adverse employment action was taken against Plaintiff due to his race. Plaintiff fails to state a claim for

disparate treatment.

    2.    <u>Retaliation Under to 42 U.S.C. § 2000e-3(a)</u>

The Civil Rights Act of 1964 prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). Section 2000e-3 protects an employee from being discriminated against because the employee opposed what he reasonably believes to be an unlawful practice. <u>Nelson v. Pima Community College</u>, 83 F.3d 1075, 1082 (9th Cir. 1996). However, these provisions relate to discrimination against an employee for engaging in protected activity to address discrimination. <u>Lalau v. City and County of Honolulu</u>, 938 F.Supp.2d 1000, 1017 (D. Hawaii 2013).

Here, Plaintiff alleges that he was retaliated against for reporting unnecessary labor costs, food waste, spoilage and contamination of food in the prison. The alleged violations which Plaintiff reported are not practices made unlawful by Title VII and therefore, even were he retaliated against for reporting the violations, the retaliation would not be in violation of 42 U.S.C. § 2000e-3. Plaintiff has failed to plead that he reported any employment practice that was unlawful under Title VII, therefore, Plaintiff fails to state a cognizable claim for a violation of 42 U.S.C. § 2000e-3.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his federal rights. Plaintiff is granted one final opportunity to file a second amended complaint within thirty days. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Iqbal</u>, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are

alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed November 19, 2010, is dismissed for failure to state a claim upon which relief may be granted;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

3. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 27, 2013**

UNITED STATES MAGISTRATE JUDGE

11